UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILL, | No. 2:25-cv-00749-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| FEDELUCES, | |
| Defendant. | |

Plaintiff is a county jail detainee proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 6.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

1

## II.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b). "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios."  *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.     Screening Order

Plaintiff alleges:

> C/O/Sgt. Fredeluces received my grievances regarding the disciplinary reviews and intentionally tried to thwart a response required under C.C.R. 15 § 1703 citing more than 3 days, more than one problem/complaint. It took two days to get grievances. The jail deliberately does not make grievance available to thwart detainees filing timely complaints. As in this case, and in this case [sic] Fredeluces replied on 2/19/25 but did not return the grievance response until 2/21/25 and provided no grievance to appeal which is another attempt to stymie my 1st Amendment right. The jail created this new grievance form that stated we cannot grieve jail policies and rules. They did this too to thwart our 1st Amendment right to grievance. The staff cares nothing of the law or detainee's (pretrial) rights.

ECF No. 1 at 4.

The right to petition the government for redress of grievances is protected by the First Amendment. *Turner v. Safley*, 482 U.S. 78, 84 (1974). This right protects prisoners from retaliation by prison staff for the filing of grievances (*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)) and prohibits prison staff from interfering with prisoners' access to the courts (*Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011)), but does not entitle prisoners to a specific grievance system or the proper processing of grievances. *Riley v. Roach*, 572 Fed. App'x 504, 507 (9th Cir. 2014); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Arellano v. Milton*, No. 15-cv-2069-JAH-AGS, 2018 U.S. Dist. LEXIS 143804, at *12 (S.D. Cal. Aug. 23, 2018). In addition, violations of Title 15 of the California Code of Regulations do not create private right of action. *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020).

Because petitioner does not allege that he was subjected to retaliation for filing grievances or that Fedeluces's conduct prevented him from accessing the courts, the complaint must be dismissed for failure to state a claim.

<u>Leave to Amend</u>.  The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

////

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner. The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself, without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

4

1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV. Summary of Order

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is GRANTED.
2. ~~Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the El Dorado County Sheriff's Office filed concurrently herewith.~~
3. The complaint is dismissed with leave to file an amended complaint within 30 days of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."
4. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: July 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE